

Abbas Busari, Complainant

v.

Samantha Power, Administrator
U.S. Agency for International Development,
Agency

Agency Case No. OCRD-076-19-F
EEOC Hearing No. 570-2020-01469X

---

### AGENCY FINAL ORDER

On November 10, 2022, Administrative Judge Sarah McKinin issued a Decision, entering summary judgment in favor of the United States Agency for International Development (Agency). Judge McKinin found that the Complainant failed to provide any evidence creating an inference of discrimination, the Agency articulated legitimate, nondiscriminatory reasons for its actions, and the Complainant was unable to establish that the Agency's explanations were pretextual.

Judge McKinin explained that for each claim, Complainant failed to demonstrate that any discriminatory reason played a part in the Agency's decision. Instead, he proffered vague assumptions about some of the actions to demonstrate pretext. When he provided comparators, he failed to show how they were similarly situated or how the Agency's actions were discriminatory in nature. As such, Judge McKinin found that the Complainant failed to establish a disputed issue of material fact that would warrant a hearing in this case.

The Agency accepts the Decision of Judge McKinin in its entirety.

### Statement of Relief

Since there was no relief ordered, no relief is awarded in this matter.

### Appeal Rights

This is a Final Action by the Agency. If dissatisfied with the Agency's Final Action, Complainant may appeal to the Office of Federal Operations (OFO) of the Equal Employment Opportunity Commission (EEOC), within 30 calendar days of the date you receive the Final Action. To file your appeal, you should use the attached EEOC Form 573, Notice of Appeal/Petition. You may

Page 2 – Abbas Busari – OCRD-076-19-F

file your appeal with EEOC online by using the EEOC Public Portal/FedSEP at: https://publicportal.eeoc.gov/Portal/Login.aspx.

For more information on how to file an appeal, go to: https://www.eeoc.gov/federal/fed_employees/appeal.cfm

**OFO is encouraging submissions and communications from both agencies and complainants be digital, via the Public Portal/FedSEP.**

You must send a copy of the appeal and supporting documents to the Office of Civil Rights (OCR). In addition, you must provide proof to OFO that you have sent a copy of the appeal and any supporting documentation to OCR. Please send all correspondence to OCR at EEOcomplaints@usaid.gov. **Until further notice, OCR is unable to accept submissions via hand-delivery, mail, or fax.**

## Right to File a Civil Action

In addition, you have the right to file a civil action in an appropriate U.S. District Court:

- Within 90 calendar days of receipt of a final decision if no appeal has been filed;

- After the expiration of 180 calendar days from the date on which you filed the original formal complaint if you have not amended the complaint, agreed to an extension, filed an appeal, or the Agency has not issued a FAD on the complaint;

- Within 90 calendar days from the date of receipt of the decision from the OFO if you initially chose to file an appeal with the OFO; or

- After 180 calendar days of the date on which you filed an appeal with the OFO if you have not received a decision on the appeal.

You may file a civil action within two (2) years, or if the violation is willful, within three (3) years of the date of an alleged violation of the Equal Pay Act, regardless of whether you pursued any administrative complaint process.

Should you decide to file a civil action, you must name the Agency head as the defendant and provide her official title. The Agency head is Samantha Power, Administrator, U.S. Agency for International Development. Failure to provide the name or official title of the Agency head may result in dismissal of the case. A civil action may be filed through legal counsel. However, if you decide to file a civil action under Title VII or under the Rehabilitation Act, and do not have an attorney at that time or cannot afford the services of an attorney, you may take this notice to the U.S. District Court, which may, in its discretion, appoint an attorney. Also, in its discretion, the Court may permit you to file the action without payment of fees, costs, or other security. Filing a request for an attorney does not extend the time limits set forth above for filing a civil action. You must file both the request and the civil action within 90 calendar days of the date you receive the final decision from the Agency or the EEOC.

Page 3 – Abbas Busari – OCRD-076-19-F

It is your obligation to keep OCR informed of your current mailing address and telephone number.  Failure to keep this office informed may cause delay in processing the complaint or lead to dismissal.  Additionally, in the event that you engage the services of a licensed attorney to represent you in this matter or make a change in designation of representation, you must notify OCR in writing immediately.  Failure to make such notification may result in denial of fees or costs to which an attorney might otherwise be entitled.

*Ismael Martinez*

Ismael Martinez
Director
Office of Civil Rights

11/23/2022
Date

<u>CERTIFICATE OF SERVICE</u>

For timeliness purposes, it shall be presumed that the parties received the foregoing on the date indicated above if sent via email. I certify that the foregoing Final Order was provided to the following:

Complainant, Abbas B. Busari
Via email: basbusab@aol.com

Agency Representatives, Ashley Obando and Tanner Horton-Jones
Via email: aobando@usaid.gov; thortonjones@usaid.gov



**OFFICE OF CIVIL RIGHTS AND DIVERSITY**
**FORMAL COMPLAINT OF DISCRIMINATION**

| PRIVACY ACT STATEMENT (5 U.S.C. § 552(a)) | |
|---|---|
| AUTHORITY: | 42 U.S.C. 2000E-16(B) AND (C); 29 U.S.C. CHAPTER 14; E.O. 12106. |
| PRINCIPAL PURPOSE: | USED FOR PROCESSING COMPLAINTS OF DISCRIMINATION BECAUSE OF RACE, COLOR, NATIONAL ORIGIN, SEX, AGE, PHYSICAL AND/OR MENTAL DISABILITY, GENETIC INFORMATION, REPRISAL, OR SEXUAL ORIENTATION BY USAID EMPLOYEES, FORMER EMPLOYEES, APPLICANTS FOR EMPLOYMENT, AND SOME CONTRACT EMPLOYEES. |
| ROUTINE USES: | INFORMATION WILL BE USED (A) AS A DATA SOURCE FOR COMPLAINT INFORMATION FOR PRODUCTION OF SUMMARY DESCRIPTIVE STATISTICS AND ANALYTICAL STUDIES OF COMPLAINTS PROCESSING AND RESOLUTION EFFORTS; (B) TO RESPOND TO GENERAL REQUESTS FOR INFORMATION UNDER THE FREEDOM OF INFORMATION ACT; (C) TO RESPOND TO REQUESTS FROM LEGITIMATE OUTSIDE INDIVIDUALS OR AGENCIES (WHITE HOUSE, CONGRESS, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION) REGARDING THE STATUS OF A COMPLAINT OR APPEAL; OR (D) TO ADJUDICATE A COMPLAINT OR APPEAL. |
| DISCLOSURE: | VOLUNTARY, HOWEVER, FAILURE TO COMPLETE ALL APPROPRIATE PORTIONS OF THIS FORM MAY LEAD TO A DELAY IN PROCESSING AND/OR REJECTION OF THE COMPLAINT ON THE BASIS OF INADEQUATE DATA TO CONTINUE PROCESSING. |

**COMPLAINANT INFORMATION**

| 1. NAME OF COMPLAINANT *(Print – Last, First, Middle Initial)* | 2. HOME PHONE | 3. WORK PHONE |
|---|---|---|
| BUSARI ABBAS BOBBY | 202-640-1856 *MOBILE 202-744-3909* | 202-712-4917 *MOBILE 202-744-3909* |

| 4. HOME ADDRESS | 5. WORK ADDRESS | 6. PERSONAL EMAIL |
|---|---|---|
| 8504 MOUNT VERNON HWY ALEXANDRIA VA 22309 | 1300 PENNSYLVANIA AVE NW WASHINGTON DC 20523 | basbusab@aol.com |

| 7. WORK EMAIL | 8. ARE YOU A US CITIZEN? | 9. PLEASE CHECK YOUR EMPLOYMENT TYPE: |
|---|---|---|
| Abusari@usaid.gov | ☒ YES ☐ NO | ☒ EMPLOYEE<br>☐ APPLICANT *(SPECIFY POSITION):*AUDITOR<br>☐ CONTRACTOR |

**COMPLAINANT REPRESENTATIVE INFORMATION**

| 10. DO YOU HAVE A REPRESENTATIVE?<br>☒ YES ☐ NO | 11. IF YOU HAVE A REPRESENTATIVE, PLEASE FILL OUT THEIR NAME AND CONTACT INFORMATION.<br>PENDING CONFIRMATION OF ATTORNEY ENGAGEMENT<br>PASSMAN & KAPLAN TEL: 202-789-0100<br>1828 L STREET, NW SUITE 600 WASHINGTON DC 20036 |
|---|---|
| 12. IS YOUR REPRESENTATIVE AN ATTORNEY?<br>☒ YES ☐ NO | |

**COMPLAINT INFORMATION**

| 13. BUREAU/OFFICE WHERE THE DISCRIMINATION OCCURRED?<br>USAID-OFFICE OF INSPECTOR GENERAL | 14. DATE OF THE MOST RECENT ALLEGED DISCRIMINATORY ACT? (MM/DD/YYYY)<br>09/13/2019 |
|---|---|

15. WHY DO YOU BELIEVE YOU WERE DISCRIMINATED AGAINST? *(SPECIFY THE SPECIFIC BASIS)*

☒ RACE: _BLACK AFRICAN_  ☐ SEX: ___  ☒ COLOR: _BLACK_
☐ AGE (MM/YYYY): ___  ☐ RELIGION: ___
☐ NATIONAL ORIGIN: ___  DISABILITY ☐ PHYSICAL ☐ MENTAL
☐ GENETIC INFORMATION: ___  ☐ SEXUAL ORIENTATION  ☒ REPRISAL

| 16. DID YOU DISCUSS YOUR COMPLAINT WITH AN EEO COUNSELOR?<br>☒ YES ☐ NO | 17. NAME OF THE EEO COUNSELOR<br>ANN HALFERTY | 18. DATE NOTICE OF RIGHT TO FILE RECEIVED?<br>10/04/2019 |
|---|---|---|

19. EXPLAIN SPECIFICALLY HOW YOU WERE DISCRIMINATED AGAINST (TREATED DIFFERENTLY FROM OTHER EMPLOYEES OR APPLICANTS) BECAUSE OF YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, AGE, MENTAL OR PHYSICAL DISABILITIES, GENETIC INFORMATION, REPRISAL, OR SEXUAL ORIENTATION. *(SPACE WILL EXPAND AS NEEDED OR YOU CAN ATTACH A SEPARATE PIECE OF PAPER IF NEEDED)*

1. On March 5, 2019, I requested defer home leave as a result of my spouse and children that were still in South Africa, the request was denied on 3/6/2019, as a result I got a pro-rated HSTA allowance. Other employees in Washington DC were allowed to defer home leave.

2. Letter of admonition issued 04/05/2019, alleging that my poor planning and lapse in professional judgment created confusion and frustration among State Dept. and USAID OIG staff and that my behavior was disruptive and unprofessional. This letter is baseless and has no merit.

3. On 05/16/2019, I requested Home Service Transfer Allowance 30-day extension because my HHE shipment has not arrived from South Africa and Washington Gas shut down gas supply and request that I vacate my home until repair is completed due to three gas leaks from my home. The HSTA extension request was denied citing circumstances beyond my control unfounded.

4. On June 3, 2019, my Audit Director, Mr. Rob Mason affirmed and denied my appeal on the Home

Property Damage Assessment of $3,858.96 from Pretoria State Dept. General Service Officer (GSO), I was informed that my salary will be garnished if payment was not made. I made repairs to home furnishings and property that were not considered and the GSO discriminately presented my appeal to the Housing Board.

5. On 06/27/2019, Deputy Inspector General issued a notice proposing to suspend me from duty for three days without pay for "Appearance of Impropriety", I appealed to Inspector General and the appeal was denied. Subsequently, on 08/20/2019, I was suspended for three days from 09/23 – 09/25, 2019, without pay, for using OIG computer and my official capacity to contact USAID HR office in Pretoria to draft official letter to appeal my family's personal student visa applications.

6. On September 13, 2019, OIG management conducted an internal inquiry into a personal travel that I made to visit my family in Pretoria from August 8-28, 2019, asking the following questions: If I used diplomatic or personal passport to travel; If I visited USAID compound and the Embassy compound while in Pretoria; what type of ID I used to gain access into U.S. Embassy; what was the purpose of my visit and I was asked to bring both my personal and diplomatic passports to the office to verify which one I used during my travel.

---

20. REMEDY/RESOLUTION: PLEASE DESCRIBE THE TERMS, CONDITIONS, CORRECTIVE ACTIONS, AND REMEDIAL RELIEF YOU ARE SEEKING IN RESOLVING/ADJUDICATING YOUR COMPLAINT.

1. Removal of admonition letter from my official record.
2. Payment of 30-day HSTA allowance (M&IE) that was denied.
3. Rescind payment of $3,858.96 of damage assessment by GSO and affirm payment of $886.81 that I proposed as fair settlement after repair done.
4. Rescind 3 days suspension by the IG and refund of 3 days' pay back to me, in addition, to removal of suspension letter from my official file.
5. Ms. Molina an EXO from USAID-Pretoria send a letter to my office alleging that I asked the mission to falsify document to appeal my family visa application, that was a total fabrication and character assassination; I'm requesting a written apology from Ms. Molina.
6. Requesting OIG to stop harassment activities such as internal inquiry into my personal travel and asking my immediate supervisors to counsel me frivolous charges.

---

| 21. HAVE YOU FILED A GRIEVANCE (WITH THE UNION OR HR) OR AN APPEAL WITH THE MSPB ON THIS ISSUE?<br>☐ YES (IF SO PLEASE PROVIDE THE DATE FILED AND OUTCOME)<br>☒ NO | 22. COMPLAINANT SIGNATURE | 23. DATE OF SIGNATURE<br>10/18/2019 |
| --- | --- | --- |

EXHIBIT 3

 **USAID**
FROM THE AMERICAN PEOPLE

# OFFICE OF CIVIL RIGHTS AND DIVERSITY

*NOTICE OF RIGHT TO FILE A FORMAL*
*COMPLAINT OF DISCRIMINATION*

| DATE: | TO: (AGGRIEVED) | FROM: (EEO COUNSELOR) |
|---|---|---|
| October 4, 2019 | Abbas Busari | Ann Halferty |

This Notice of Right to File a Formal Complaint of Discrimination (Notice) is to inform you that I have concluded my inquiry into your allegations of discrimination. During this counseling period, the following allegations were brought to my attention, in my role as your EEO counselor. *A more detailed description of your allegations will be included in the EEO Counselor's Report, a copy of which you will be provided by the Office of Civil Rights and Diversity (OCRD), should you file a formal complaint.*

PRECISE DESCRIPTION OF THE ISSUE(S) COUNSELED *(Framed claim to include basis, issue, and date on which everything occurred.)*

Whether Aggrieved was subjected to a hostile work environment and harassment based on his national origin (Nigerian) and reprisal for prior EEO activity when:

1) Management issued Aggrieved a Notice of Suspension, dated June 27, 2019;
2) Management denied Aggrieved's request for an extension of a Home Service Transfer Allowance (HSTA) on May 16, 2019;
3) Management's appeal request to the Mission Director for a home damage assessment was denied on June 3, 2019;
4) Management conducted an internal inquiry on September 13, 2019, concerning Aggrieved's use of a diplomatic passport for personal travel and
5) Management denied Aggrieved's request for a deferred home leave in February 2019.

Because the matter, cited above, has not been resolved, you are now entitled to file a formal discrimination complaint.

If you decide to file a formal complaint, it must be submitted in writing and preferably on the attached Formal Discrimination Complaint Form **within fifteen (15) calendar days** after you receive this Notice.

You may file your complaint in person, by fax, mail, or email to the following EEO official authorized to receive formal discrimination complaints:

> Director
> USAID, Office of Civil Rights and Diversity
> Ronald Reagan Bldg., Room. 5.08
> Washington, DC 20523-4100
> Fax: 202-216-3906
> OCRDmailbox@usaid.gov

**You may NOT submit your Formal Complaint to me, as I am not authorized to receive it on behalf of OCRD.**

Your complaint must be specific and be limited to only those matters that you have discussed with me or are claim(s) that are like or related to the issues discussed. You must also state if you have filed a grievance under a negotiated grievance procedure or have an appeal before the Merit Systems Protection Board (MSPB) on the same claims.

If you retain an attorney or representative, you must immediately notice the Director of OCRD in writing of the name, address, and telephone number of the individual. You can do this via the Designation of Representation form which I have attached.

You and/or your representative will receive written notification of receipt of your formal complaint by OCRD. In addition, you must keep the Director of OCRD informed of your current address and telephone number. Failure to do so could result in the dismissal of your complaint.

Attachments: 1. Formal Discrimination Complaint Form; 2. Designation of Representation Form

USAID Notice of Right to File

| Please sign below to acknowledge that you have read and received this form. | |
| --- | --- |
| NAME OF THE AGGRIEVED PERSON: | |
| ABBAS BUSARI | |
| SIGNATURE OF THE AGGRIEVED PERSON: | DATE: |
| *[signature]* | 10/04/2019 |

USAID Notice of Right to File



basbusab@aol.com
abusari@usaid.gov
April 8, 2020
Abbas Busari
8504 Mount Vernon Highway
Alexandria, VA 22309
Re: **Agency Case No.: OCRD-076-19-F – Second Amended Acceptance Letter**
Dear Mr. Busari,
This letter serves to inform you that the Office of Civil Rights and Diversity (OCRD) has accepted one of the amendments you requested on February 21, 2020. This letter also provides written notification of your rights and the time requirements associated with those rights. Please refer to **Agency Case No. OCRD-076-19-F** in all correspondence related to this matter.
**Formal Complaint**
You filed the above-referenced equal employment opportunity (EEO) complaint of discrimination against the U.S. Agency for International Development (USAID or the "Agency") on October 18, 2019. On November 4, 2019, ORCD **accepted** the following claims for investigation:
Whether Complainant was subjected to discrimination and harassment constituting a hostile work environment on the bases of his race (black African) and color (black) when,
1. On June 3, 2019, Complainant's appeal to the Home Property Damage Assessment was denied;
2. On August 20, 2019, Complainant was suspended for three days without pay; and
3. On September 13, 2019, Complainant was subjected to an internal inquiry into a personal travel he made to South Africa.

The Agency **dismissed** the following claims as untimely:
4. On March 6, 2019, Complainant's home leave request was denied.
5. On April 5, 2019, Complainant received a letter of admonishment.
6. On May 16, 2019, Complainant's request for an extension to his Home Service Transfer Allowance was denied.

Page 3 of 6 Abbas Busari - Agency Case No. OCRD-076-19-F

period imposed by 29 C.F.R. § 1614.105(a)(1). *See Cornwell v. Department of Interior*, EEOC Appeal No. 01A04763 (April 10, 2003).

The dismissal is reviewable by an EEOC Administrative Judge (AJ) or OCRD if a hearing or a Final Agency Decision is requested, respectively, on the remainder of the complaint, ***but it is not appealable until final action is taken on the remainder of the complaint.*** If Complainant requests a hearing and the EEOC AJ believes that all or part of the reasons for dismissing are not sound, the entire complaint or the portions not meeting the criteria for dismissal will continue in the hearing process. The EEOC AJ's decision on the partial dismissal may be appealed by either party after final action is taken on the complaint. If Complainant requests a final agency decision without a hearing, OCRD will issue a decision addressing all claims in the complaint, including a review of the rationale for dismissing part of the complaint and its findings on the merits of the remainder of the complaint. Complainant has the right to appeal the final agency decision to the EEOC. The appeal rights will be included in the decision.

**EEO Investigation Process**

OCRD will process the accepted claim(s) pursuant to the provisions set forth in Title 29 Code of Federal Regulations (29 C.F.R.) Part 1614. An EEO Investigator already contacted you when to initiate the investigation of this complaint. During the investigation, you must provide relevant documentation and testimony to the investigator. This information will become part of the official record and will be used in analyzing the complaint to determine whether discrimination occurred. You should present to the investigator all information you want to be considered and the names of any witnesses you believe the investigator should contact. You must cooperate with the investigator as failure to do so may result in the dismissal of this complaint.

If you believe that the Agency has not correctly identified the issues, you must notify this office, in writing, **within five (5) calendar days**, after receipt of this letter as to why you believe the Agency has not correctly identified the issues.

The regulations require the Agency to complete its investigation of this complaint within 180 calendar days from the date on which the individual complaint was filed except when a complainant and the Agency voluntarily agree, in writing, to extend the time period by up to an additional 90 calendar days, or where a complaint was amended. Prior to the conclusion of the investigation, you may amend the formal complaint with issues that are "like or related" to those raised in the complaint without the need for additional counseling. The Agency will acknowledge in writing any written amendments filed. The regulations require that the Agency complete the investigation within 180 calendar days from the filing of a complaint, or the 180th day after the filing date of the last amendment to the original complaint, or the 360th day from the filing date of the original complaint, whichever is earlier.

At the conclusion of the investigation, the Agency will provide you with a copy of the Report of Investigation (ROI). In accordance with 29 C.F.R. § 1614.108(f), upon receipt of the ROI, you will have 30 calendar days to: (1) request an immediate Final Agency Decision (FAD) without a hearing from the Agency, or (2) request a hearing and decision from an Equal Employment Opportunity Commission (EEOC) Administrative Judge (AJ).

Page 5 of 6 Abbas Busari - Agency Case No. OCRD-076-19-F

**Right to File a Civil Action**

In addition, you have the right to file a civil action in an appropriate U.S. District Court:

• Within 90 calendar days of receipt of a final decision if no appeal has been filed;

• After the expiration of 180 calendar days from the date on which you filed the original formal complaint if you have not amended the complaint, agreed to an extension, filed an appeal, or the Agency has not issued a FAD on the complaint;

• Within 90 calendar days from the date of receipt of the decision from the OFO if you initially chose to file an appeal with the OFO; or

• After 180 calendar days of the date on which you filed an appeal with the OFO if you have not received a decision on the appeal.

Under the Fair Labor Standards Act, 29 U.S.C. 216(b), you may file a civil action within two (2) years, or if the violation is willful, within three (3) years of the date of an alleged violation of the Equal Pay Act (EPA), regardless of whether any administrative complaint process is pursued. Should you decide to file a civil action, he must name the Agency head as the defendant and provide his official title. The Agency head is Mark Green, Administrator, U.S. Agency for International Development. Failure to provide the name or official title of the Agency head may result in dismissal of the case. A civil action may be filed through legal counsel. However, if you decide to file a civil action under Title VII or under the Rehabilitation Act, and does not have an attorney at that time or cannot afford the services of an attorney, he may take this notice to the U.S. District Court, which may, in its discretion, appoint an attorney. Also, in its discretion, the Court may permit you to file the action without payment of fees, costs, or other security. Filing a request for an attorney does not extend the time limits set forth above for filing a civil action. You must file both the request and the civil action within 90 calendar days of the date he receives the final decision from the Agency or the EEOC.

**Alternative Dispute Resolution**

In accordance with 29 C.F.R. § 1614, agencies may choose to offer alternative dispute resolution (ADR) during the formal complaint process. ADR is any dispute resolution process (other than litigation) where a neutral third party assists the conflicted parties resolve a dispute. Mediation, the primary means of ADR used at USAID, is an informal process that provides a forum for discussion and an opportunity for parties to come to a mutually beneficial, non-litigated agreement. If the parties are not successful in reaching an agreement through mediation, then you may proceed with the standard, aforementioned formal complaint process. If you are interested in ADR, you should contact the office to inquire whether the case is eligible.

It is your obligation to keep OCRD informed of the current mailing address and telephone number. Failure to keep this office informed may cause delay in processing the complaint or

Exhibit 5

STATEMENT OF CLAIM

Plaintiff, Abbas Busari

Defendants, Samantha Power, Administrator; Nicole Angarella, Acting Deputy Inspector General and their staffs.

1. 1. On June 3, 2019, Plaintiff's appeal to the Home Property Damage Assessment was denied; Defendant and its agents threatened and coercively collected $4,136.59 from me for allegedly damaged properties. Some properties assessed were not damaged or listed as damaged during home inspection, defendants collected payments for properties designated with useful life of 10 years and were already used for twenty years.

2. On August 20, 2019, Plaintiff was suspended by Defendants for three days without pay; Defendants claimed I contacted USAID South Africa office to assist me in a private matter of seeking student visas for my family members. Plaintiff only asked USAID South Africa office to confirm in writing the date visas documents were handed over to the Plaintiff.

3. 3. On September 13, 2019, Plaintiff was subjected to an internal inquiry into a personal travel he made to South Africa. Defendant claimed Plaintiff made unauthoritative visit to U.S. Embassy clinic in South Africa with his children while on annual leave. Defendant asked Plaintiff to bring his diplomatic passport to its office for inspection to determine how Plaintiff travel to South Africa and how the Plaintiff entered U.S. Embassy in South Africa.

4. On January 7, 2020, the Defendant denied Plaintiff's request to change his retirement date to April 30, 2020, so he could attend a Retirement Seminar scheduled from March 2, 2020 to April 24, 2020. Approximately three weeks after Plaintiff's request, Defendants approved two colleagues of the Plaintiff to change their retirement dates.

5. On January 31, 2020, Plaintiff was constructively discharged when he was informed that he would be terminated if he did not retire on his scheduled retirement date (January 31, 2020). Defendants contacted Plaintiff's lawyer (Tully Rinckey PLLC) to serve Plaintiff letter of dismissal from service because Defendants claimed Plaintiff's visit to U.S. Embassy clinic in South Africa was unauthorized. Tully Rinckey delayed Defendants from serving the letter of dismissal to Plaintiff to buy time for the Plaintiff to submit his retirement papers to avoid been fired.

6. Whether Plaintiff was subjected to discrimination and harassment constituting a hostile work environment on the bases of his race (black African), color (black) and retaliation (current EEO complaint) when,
On February 6, 2020, the Defendants denied Plaintiff's request for the meals and incidental expenses portion of the Home Service Transfer Allowance (HSTA) for his family members. Defendants denied HSTA for my family members because Plaintiff's family members remained in South Africa to complete the current school term. Upon Plaintiff's family return to U.S., Defendants again denied HSTA for the Plaintiff's family members.

The EEO dismisses the following claim as untimely:
1. On March 6, 2019, Plaintiff's home leave request was denied by the Defendants.
2. On April 5, 2019, Plaintiff received a letter of admonishment from the Defendants.
3. On May 16, 2019, Plaintiff's request for an extension to his Home Service Transfer Allowance was denied by Defendants.

RELIEF

Actual Damages and Other Relief Request

From: Abbas Busari

Case File: Abbas Busari, Complainant Vs Samantha Power, Administrator and Nicole Angarella, Acting Deputy Inspector General, U.S. Agency for International Development, Agency.

February 18, 2023

As a result of termination letter from USAID-OIG reported to my lawyer, Allen Shoiketbrod, of Tully Rinckey PLLC, and subsequent constructive discharge from service on January 31, 2020. Presented below are actual loss, loss due to early retirement, and other losses.

1. Issue #1, Refund of $4,136.59 coercively collected by USAID's M/CFO/CAR, reference to the denied Home Property Damage Assessment appeal. $4,136.59.
2. Issue #2, Refund of August 20, 2019, suspension for three days without pay in the gross amount of $1,483.92.
3. Issue #3, Removal from personnel file of all documentation relating to internal inquiry into personal travel made to South Africa and payment for humiliation, discrimination, hostility, and subsequent attempted termination of service from USAID-OIG.
4. Issue #4, Payment of lost salaries from February 1, 2020 – April 30, 2020, because of forced retirement, reference to January 7, 2020, the Agency denied request to change my retirement date to April 30, 2020, approximately, $32,151.60.
5. Issue #4, Loss of transportation/metro card subsidy while attending FSI training from March 2, 2020, - April 24, 2020, $484.00.
6. Issue #5, On January 31, 2020, I was constructively discharged and separated from service, as a result, I became disturbed, disorganized, disoriented, miserable, depressed, and humiliated. On that January 31, 2020, I was scheduled to sign closing settlement contract on a house that I was buying at Potomac Shores from Pulte Home Company, because I was separated from service, and my status has changed, Pulte Financing Co. stopped the closing ceremony and I subsequently lost $5,000.00 down payment. I am seeking reimbursement for the loss of down payment in the amount of $5,000.00.
7. Issue #5, due to forced early retirement at 63, my social security income was set at $1,848.00 per month, whereas, if I had worked till 65 years retirement age, my social security income would have been $2,412.00 per month. The social security income loss over estimated reasonable lifespan would be $196,272.00.
8. Issue #5, due to forced retirement on January 31, 2020, I have suffered loss of employment salary of 2 years, consider that I remain in service until compulsory foreign service retirement age of 65, therefore I am requesting two years' lost salary at the stated per annum income of $129,043.00 per SF 50 of 01/05/2020, therefore, I am requesting payment of $258,086.00.
9. Issue #5, USAID-OIG had separated me from my family when I was asked to return to Washington DC as of March 1, 2019, I could not return my family to Washington DC as of March 1, 2019, because my 8-year old Autistic son and my 11-year old Asthmatic daughter were in the middle of the school term, as a result I had to pay all expenses to keep my family in Pretoria, South Africa, given that USAID-OIG had stopped paying my children school fees and moved us

out of government provided housing. After having took out all available credits on my credit cards, and at the brink of going bankrupty, I was left with no other choice but to take a lump sum of $230,000.00 from my Thrifty Savings Plan and I incurred $47,000.00 in Federal and $11,000.00 in State taxes. Therefore, I am requesting reimbursement of $58,000.00 from USAID-OIG to cover my financial loss in Federal and State taxes, because of financial constraint and cash trapped that I suffered because of OIG management decisions. $58,000.00.

10. Issue #5, Cumulative effect of forced retirement at age 63 instead of instead of full retirement age of 65 on FSPS Service Credit (Total Service Credit could have been approximately 23 Years 6 Months instead of 20 Years 10 Months and 6 days), loss of 2 years Sick Leave, loss of 2 years of annual leave, and possibility of higher High – 3 Average Salaries (currently set at $123,044) over lifetime retirement package. Approximately $119,937.00

11. Reimbursement of lawyers' fees and legal consultation fees (Tully Rinckey P.L.L.C. $8,000.00 plus $5,000.00; Passman and Kaplan LLC $450.00; KCNF P.C. $9,350.00; Wendell Robinson Law PLLC $1,000.00) $23,800.00

12. Issue #6, On February 6, 2020, USAID-OIG denied request for the meals and incidental expenses portion of the Home Service Transfer Allowance (HSTA) for my family members (Spouse, daughter, and son) Total amount reimbursable $9,320.00.

13. Given that I have served Office of Inspector General shop for twenty years of meritorious service, loyally, dedicated, worked conscientiously, served in critical post countries (Iraq, Pakistan, Lebanon, Yemen, West Bank and Gaza) and had been on arms way, yet my uncompromised service record was not recognized or compensated but met with reproach, hatred, discrimination, oppression, frustration, humiliation, and ultimate discharge from service. Twenty years at Office of Inspector General shop had been a daily challenge and witch hunting In the official circle USAID-OIG is considered a hostile environment to work. It has been an uphill task and having to look over my shoulders throughout my career and having to end my career abruptly and in financial ruin. While serving in Baghdad, Iraqi, I received a generous cash award ($1,200.00) for performance over and above set goals, got performance award from USAID agency, and got award from the U.S. Ambassador (State Dept.) for quality performance support services, made trips to red zones (war path) to verify projects, more than any other OIG staff that ever served in Iraq, I was the only one recommended for promotion by the OIG Director out of Iraq mission at that time, yet, I was not promoted. That is just one of the numerous injustices, hostility, discrimination, oppression, humiliation, and frustration that I encountered while working for USAID-OIG. For all that I have suffered in 20 plus years working for OIG shop, no amount of compensation can suffice. I humbly request the court consider approving payment of items 1 to 12 stated above totaling $708,671.11 by USAID-OIG, representing wages, benefits loss and expenses incurred due to administrative discharge and forced retirement. In addition, I am requesting the court consider punitive damages, amounts to be determined by the court for the pain and suffering that my wife, my autistic son, my asthmatic daughter, and myself have endured.